UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA             *       CRIMINAL DOCKET

VERSUS                                *       NO. 04-0062

DEWAYNE SHELLY                        *       SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court is Dewayne Shelly's Section 2255 motion to vacate, set aside, or correct a sentence. For the reasons that follow, the motion is DENIED.

<u>Background</u>

After a period of surveillance during which the New Orleans Police Department observed Shelly selling drugs, the police moved to arrest him on June 18, 2004. Shelly fled on foot to a nearby apartment, tossing a bag containing five smaller bags of cocaine in the process. After the police caught Shelly in the apartment, they seized two small bags of marijuana, three small bags containing heroin residue, an AK-47 assault rifle, and lots of ammunition for various firearms.

A federal grand jury returned a superseding indictment on September 9, 2004, charging Shelly with violating the Federal Controlled Substances Act, 21 U.S.C. § 801 <u>et seq</u>. On April 15, 2005, Shelly pleaded guilty to distribution of heroin (counts three through five of an eight-count indictment). The plea agreement,

which the Court accepted, recommended a sentence of 84 months.  The U.S. Probation Office prepared a presentence investigation report ("PSR"), adding two points under the discretionary Sentencing Guidelines for possession of the AK-47 rifle.  Shelly objected to this assessment, pointing to the factual basis, which contained no reference to any firearm or ammunition.  He did not seek to withdraw his guilty plea or set aside the plea agreement.  At sentencing, the Court denied Shelly's objection to the application of the two-point firearm enhancement[1] and sentenced him to 84 months' imprisonment.

Shelly now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

I.

A.  28 U.S.C. § 2255

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States."  Following the enactment of the Antiterrorism and

---

[1] The Court relied on United States v. Cooper, 274 F.3d 230 (5th Cir. 2001), in finding the defendant in possession of the AK-47 as a matter of law.  Cooper stated that when a drug sentence is enhanced two levels because the defendant possessed a dangerous weapon, the Government "must show that 'the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred.'" Id. at 245 (quoting United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993)).  This Court concluded that Shelly possessed the gun under the Cooper standard because it was found in the apartment where he was apprehended along with the illegal narcotics.

Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has one year within which to bring his habeas corpus claims.  28 U.S.C. § 2255.  This one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  If a petitioner fails to file his Section 2255 motion within the applicable one-year period, the Court must dismiss the petition as untimely, unless a "rare and exceptional circumstance[]" warrants equitable tolling.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).

    B.   Effect of a Defendant's Waiver in a Plea Agreement

A plea agreement containing a waiver of statutory rights to appeal or collaterally attack a conviction is generally valid.  United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  The waiver is enforceable against the defendant if he made it both knowingly and voluntarily.  Id.; United States v. Smith, No. Crim.A.02-385, 2005 WL 3541040, at *2 (E.D. La. Nov. 25, 2005)

(Duval, J.).  A claim of ineffective assistance of counsel pertaining to the negotiation or signing of the plea agreement will survive a waiver, however, because it calls into question the validity of the plea agreement.  United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).  Other ineffective-counsel claims are generally extinguished by a waiver; otherwise, "[i]f all ineffective assistance of counsel claims were immune from waiver, any complaint about the process could be brought in a collateral attack by merely challenging the attorney's failure to achieve the desired result."  Id. at 344.

If, in the execution of a plea agreement, a defendant is misled by the Government, the resulting plea agreement may be considered involuntarily entered into and thus induced in violation of due process of law.  Montoya v. Johnson, 226 F.3d 399, 406 (5th Cir. 2000).  However, because the advantages to a plea agreement "'can be secured . . . only if dispositions by guilty plea are accorded a measure of finality,'" a court reviewing a habeas petition should not "lightly find misrepresentations in a plea agreement."  Id. (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977)). Furthermore, "'[t]he law of this Circuit . . . holds that the defendant's subjective belief alone is not sufficent to invalidate a guilty plea.'" Id. (quoting Matthews v. United States, 569 F.2d 941, 943 (5th Cir. 1978).  Rather, the defendant must demonstrate that the plea agreement was "objectively misrepresented

4

to him."  Id.

C.  Breach of a Plea Agreement by the Government

The Government must "strictly adhere to the terms and conditions" of a plea agreement.  United States v. Valencia, 985 F.2d 758, 760 (5th Cir. 1993).  Moreover, "when a guilty plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" Id. at 761 (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)).  The defendant must show, by a preponderance of the evidence, that the Government breached the plea agreement.  United States v. Price, 95 F.3d 364, 367 (5th Cir. 1996).  Finally, to determine whether the Government's conduct is consistent with its promises, a court must look to the "defendant's reasonable understanding of the agreement."  Valencia, 985 F.2d at 761.

II.

A.

Under the AEDPA, a petitioner has one year within which to bring his Section 2255 habeas corpus claims.  28 U.S.C. § 2255. The Court sentenced Shelly on August 3, 2005, and Shelly filed this Section 2255 petition on March 13, 2006, within one year after his judgment became final.  Shelly's habeas petition is therefore timely filed.

B.

Shelly claims that he did not enter the plea agreement knowingly and voluntarily because the "plea was entered with the understanding that no gun enhancement would be applied."  Shelly argues that his understanding of the agreement is "supported by the government's position that all references to firearms would be removed from his factual basis."  However, to prevail, Shelly must show that the plea agreement was objectively misrepresented to him, inducing him to involuntarily sign the plea agreement.  <u>Montoya v. Johnson</u>, 226 F.3d 399, 406 (5th Cir. 2000).  There is no evidence that this is the case.[2]  Moreover, it is not reasonable for Shelly to conclude that his possession of a firearm would not be considered at his sentencing simply because the Government agreed to remove references to firearms from the factual basis.  Nor is it reasonable to conclude that the mere absence of firearm references in the factual basis entitled Shelly to attend a prison drug-rehabilitation program.  Instead, it is clear that the plea agreement made <u>no</u> promises concerning the two-point firearm enhancement or the drug-rehabilitation program.  What the plea

---

[2] Nor is this a case where Shelly did not have sufficient notice of the PSR or where his counsel did not have an adequate opportunity to challenge the facts supporting the enhancement. <u>Cf.</u> <u>United States v. Uba</u>, Nos. 92-50664 & 92-50665, 1993 WL 530460, at *7 (9th Cir. Dec. 21, 1993) (unpublished).  Shelly's counsel challenged the PSR's two-point enhancement by submitting a motion and by oral argument at sentencing.  Shelly also argued himself at his sentencing that he possessed no firearm.

agreement did do, and what is especially clear, is recommend a specific Rule 11(c)(1)(C) sentence of 84 months--a term which the Court accepted (and which it found to be below the applicable discretionary guideline range of 87 to 108 months). The Court thus concludes that the plea agreement was entered into knowingly and voluntarily.[3]

Shelly's plea agreement provided, in part: "[T]he defendant hereby expressly waives the right to appeal his sentence on any ground, . . . and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255."  He was told of these waivers by the Court while he was under oath.  As a consequence of this waiver, Shelly's claims of ineffective assistance of counsel will fail unless counsel's conduct or advice tainted the plea agreement.  United States v. White, 307 F.3d 336, 343 (5th Cir. 2002).  In arguing that "[c]ounsel failed to argue [the] district court['s] erroneous enhancement" under the Sentencing Guidelines, Shelly merely addresses counsel's conduct after receipt of the U.S. Probation

---

[3] This conclusion is supported by Shelly's own strategy in this habeas proceeding. In his original Section 2255 petition, he failed to claim that his guilty plea was not entered into knowingly and voluntarily. Shelly did not raise this claim until the Government, in its opposition to Shelly's present Section 2255 motion, correctly pointed out that Shelly's ineffective-counsel claims would fail unless the waiver was found invalid or inapplicable.

Office's PSR containing the two-point enhancement, which occurred <u>after</u> the plea agreement had already been negotiated and executed. Therefore, it is extinguished by the waiver.[4]

C.

Shelly next claims that "counsel failed to argue the district court's breach of the plea agreement."[5]  However, after construing the petition liberally, it is clear that there has been no breach of the plea agreement for the reasons previously discussed.  The essence of Shelly's claim is that the Government breached the plea agreement because he received a two-point sentencing enhancement for possession of a firearm even though all firearm references were removed from the factual basis.  It is true that "when a guilty plea 'rests in any significant degree on a promise or agreement of

---

[4] Moreover, Shelly's counsel objected to the very thing Shelly now claims counsel did not properly object to.  On July 25, 2005, Shelly's counsel filed a four-page written objection "to the two points added [to Shelly's PSR] in paragraph 30."  In addition, at Shelly's sentencing hearing on August 3, 2005, the Court noted that "[t]here ha[d] been an objection" to the PSR's two-point enhancement.  The Court then rejected Shelly's objection, whereupon Shelly's counsel asked the Court to recommend to the Bureau of Prisons that Shelly be admitted to the drug-rehabilitation program in any case.  This ineffective-counsel claim is clearly without merit.

[5] A breach of a valid plea agreement necessarily comprehends actions taken <u>after</u> a plea agreement has been negotiated and signed, and thus this ineffective-counsel claim too would ordinarily be extinguished by the waiver because the waiver's validity is not called into question.  However, because the Court is under an obligation to construe a pro se movant's petition liberally and because Shelly can raise the merits of this issue pro se, the Court will consider whether a breach of the plea agreement has occurred.

the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" United States v. Valencia, 985 F.2d 758, 761 (5th Cir. 1993) (quoting Santobello v. New York, 404 U.S. 257, 262 (1971)).  However, as discussed above, there is no language in Shelly's plea agreement that can reasonably be considered to promise him admission to a prison drug-rehabilitation program or to a certain point assessment under the Sentencing Guidelines.  Instead, the plea agreement anticipated a sentence below the discretionary guidelines, 84 months, and Shelly received exactly what he was promised because the Court accepted the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The presence or absence of the two-point enhancement did not alter Shelly's 84-month sentence.[6]  Moreover, there is no evidence that Shelly was misled or induced to sign the plea

---

[6] On May 22, 2006, Shelly requested that the record be supplemented with his guilty-plea transcripts (for which he has not paid) in addition to his signed plea agreement, which is a part of the record.  The plea agreement is unambiguous; it clearly states that "[t]he defendant understands that the statements set forth [within the plea agreement] represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement."  Resort to the guilty-plea transcript is unnecessary and futile.  Shelly would have the Court look to his plea-hearing transcript not to aid in the interpretation of an ambiguous promise in the plea agreement, but rather to write new promises into an otherwise unambiguous agreement.  The Court is unwilling to do this.  Indeed, the Minute Entry for the plea hearing outlines what happened during Shelly's plea hearing: The Court accepted the plea and adjudged Shelly guilty; the plea agreement was filed.  Even now, Shelly makes no claim that events at the plea hearing undermine the validity of the plea agreement.

agreement with false promises.  The Government therefore did not breach the plea agreement.[7]

III.

For the foregoing reasons, Dewayne Shelly's Section 2255 habeas corpus petition is DENIED.

New Orleans, Louisiana, January 16, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[7] Furthermore, the Court is justified in relying on the PSR prepared by the U.S. Probation Office in making a sentencing determination.  See United States v. McKinney, 406 F.3d 744, 747 n.4 (5th Cir. 2005) ("[United States v. Booker, 543 U.S. 220 (2005)] contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing."); United States v. Cooper, 274 F.3d 230, 240 (5th Cir. 2001) ("A district court has wide discretion in determining which evidence to consider and to credit for sentencing purposes."); United States v. Burch, 873 F.2d 765, 767 (5th Cir. 1989) ("Under the sentencing guidelines, the presentence report and the defendant's objections to that report are essential considerations in proper sentencing.  The report forms the factual basis for the judge's sentencing determination.").

10